UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUSAN LEO,

Plaintiff,

Case # 18-CV-214-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Susan Leo brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On September 19, 2019, District Judge Michael A. Telesca granted Plaintiff's motion for judgment on the pleadings and remanded the case for the calculation of benefits. ECF No. 17; *see also* ECF No. 20. Thereafter, Judge Telesca entered a stipulation awarding Plaintiff's attorney $8,637.77 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 22.

On November 12, 2019, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $19,775.50—25 percent of her past due benefits—to pay her attorney. ECF No. 23-2 at 2. On July 16, 2020, Plaintiff moved for $19,775.50 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 23.

For the reasons that follow, Plaintiff's motion is GRANTED, Plaintiff's attorney, Elizabeth Haungs, is awarded $19,775.50 in fees, and Ms. Haungs shall remit the EAJA fees to Plaintiff.

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Before determining the reasonableness of the fee request, the Court first addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. "Once counsel receives notice of the

benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Under these circumstances, the Court will not reject Plaintiff's motion as untimely. Ms. Haungs acknowledges the lengthy periods between the issuance of the award (November 12, 2019) and the filing of this motion (July 16, 2020). She argues, however, that a Notice of Award was not mailed to her law firm until June 30, 2020. ECF No. 23-2 at 2. Ms. Haungs has submitted the affidavits of two firm employees to establish that the firm did not receive the Notice of Award until that date. *See* ECF Nos. 23-3, 23-4. The explanation is well-supported and excuses much of the delay. *See Plum v. Comm'r of Soc. Sec.*, No. 18-CV-6127, 2020 WL 1846785, at *3 (W.D.N.Y. Apr. 13, 2020) (enlarging filing period where attorney presented affidavits to show that he was not timely notified of claimant's award). Moreover, though the motion was filed on July 16—more than fourteen days after the firm received notice on June 30—the Court exercises its discretion to permit the motion, in light of the short delay, the lack of prejudice, the unusual circumstances of the initial notice, and the unprecedented pandemic that the country currently faces. *Accord Walls v. Comm'r of Soc. Sec.*, No. 17-CV-1669, 2020 WL 3026462, at *3 (D. Conn. June 5, 2020) (excusing late filing due in part to COVID-19 Pandemic).

With that resolved, the Court turns to the merits. The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $79,102 in past due benefits and therefore counsel's request for $19,775.50 in fees does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff obtained remand with non-boilerplate arguments, ECF Nos. 9, 19, which ultimately led to a favorable decision awarding her benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Plaintiff's counsel spent 42.8 hours in connection with the appeal to this Court. ECF No. 23-2 at 3. Dividing the $19,775.50 fee requested by 42.8 hours yields an hourly rate of $462.04. This Court has found far higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64).

Accordingly, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff, which she states she intends to do. ECF No. 23-1 at 14.

**CONCLUSION**

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 23) is GRANTED and Plaintiff is awarded $19,775.50 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, she must remit the EAJA fees to Plaintiff.

IT IS SO ORDERED.

Dated: August 18, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court